DOWD v. KRALL et al.

(City Court of New York, General Term. July 11, 1900.)

1. CONTRACT OF EMPLOYMENT—BREACH—DAMAGES.

    A contract of employment of a traveling salesman at a salary and an allowance for expenses did not include his board while not on the road.

2. SAME—EVIDENCE.

    In an action for breach of a contract of employment of a traveling salesman, providing for an allowance for expenses, testimony that two dollars a day was a conservative estimate of plaintiff's living expenses was insufficient, since it did not give facts and figures from which the jury might make an estimate.

Appeal from trial term.

Action by Lewis A. Dowd against Richard H. Krall and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before SCHUCHMAN and HASCALL, JJ.

Shiland & Honeyman, for appellants.
Delany & Murphy, for respondent.

SCHUCHMAN, J. In Brown v. Baldwin & Gleason Co. (Sup.) 13 N. Y. Supp. 893, which was an action for damages for the alleged wrongful discharge of plaintiff from defendant's service, the same as the one at bar, the verdict awarded plaintiff $220 expenses for "board, car fare, and lunches incurred when he was no longer in defendant's service," and Judge Pryor in his opinion says: "We are

aware of no principle or precedent which justifies this recovery." This was obiter. The agreement of the parties was that plaintiff should receive $25 a week, his "traveling expenses to be borne by the defendant." In the case at bar the agreement is that plaintiff should receive a "salary of $900 per annum, and an allowance for his expenses not to exceed the average of $5 a day." We do not think that this includes "living expenses." It was not contemplated by the contracting parties that "living expenses," to wit, "board," was to be an item or part of the daily allowance of $5. The payment of salary of $900 is to be considered in construing the said covenant as to whether board was included, or intended to be included, in the $5 expense item. Usually an employé pays his board out of his salary. Besides, plaintiff earned salary, and was allowed expenses, with another employer during the period for which he seeks to recover board.

Damages for breaches of contract are those which are incidental to, and directly caused by, the breach, and may reasonably be presumed to have entered into the contemplation of the parties. Hamilton v. McPherson, 28 N. Y. 72. We conclude that the allowance of the item, "Actual living expenses from May 31, 1896, to January 1, 1897, at two dollars per day, $424.66," included in the verdict, was error.

The plaintiff testified that $2 a day for living expenses was a very conservative estimate. "Two dollars a day is what I estimate it at." This was objected and excepted to. The plaintiff should have testified to facts and figures from which the jury could make the estimate. Here the plaintiff was allowed to testify to and make an estimate which it was the function of the jury to make.

Judgment and order appealed from reversed, and new trial ordered, with costs to appellant to abide event.

HASCALL, J., concurs.